**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Safety Dynamics, Inc., a Delaware Corporation, | No. CV-09-00695-TUC-CKJ |
| Plaintiff, | **ORDER** |
| v. | |
| General Star Indemnity Company, a Connecticut Corporation, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Leave to File its Supplemental and Third Amended Complaint under Rule 15(a) and/or 15(d) of the Federal Rules of Civil Procedure.  (Doc. 133).  Defendant filed a Response on January 31, 2013.  (Doc. 137).   In addition to opposing Plaintiff's Motion, Defendant also moved to strike Plaintiff's request for a jury trial.  Plaintiff filed its Reply brief in support of its motion on February 8, 2013 and a Response to Defendant's Motion to Strike Plaintiff's Request for a Jury Trial on February 19, 2013.  (Doc. 139).  Defendant filed its Reply brief on February 19, 2013.  (Doc. 142).

*Background*

Defendant issued a series of policies of General Liability Insurance to Plaintiff, which manufactures, installs, and services gunshot detection and location systems. ShotSpotter, Inc. ("ShotSpotter") is a competitor of Plaintiff.  On or about September 11, 2009, ShotSpotter and The Johns Hopkins University filed a lawsuit against Plaintiff in

the United States District Court for the Southern District of New York, (the "Underlying Litigation").

On or about September 16, 2009, Plaintiff tendered the Underlying Litigation to Defendant.  On September 28, 2009, Defendant sent Plaintiff a letter denying coverage for the Underlying Litigation.  On or about November 12, 2009, Plaintiff filed a declaratory judgment action against Defendant in the Superior Court of Arizona seeking a declaration that there is coverage under the insurance policy for the Underlying Litigation.  The matter was removed to this Court on December 11, 2009.

Plaintiff subsequently identified two additional insurance policies covering the one year periods beginning on January 3, 2007 and January 3, 2008.  Plaintiff filed a First Amended Complaint on March 16, 2010 to include allegations based on the additional policies of insurance.  On March 31, 2010, a Second Amended Complaint ("SAC") was filed in this case, which alleged that Defendant breached its covenant of good faith and fair dealing to Plaintiff with respect to the Underlying Litigation under each of the three insurance policies, when it declined to accept or reasonably investigate the tenders of defense related to the Underlying Litigation.

On June 2, 2010, Safety Dynamics filed a Motion for Partial Summary Judgment. (Doc. 20).  Defendant then filed a Motion for Summary Judgment on July 19, 2010. (Doc. 38).  On March 4, 2011, this Court granted Defendant's Motion for Summary Judgment and entered judgment in favor of Defendant against Plaintiff.  The matter was appealed to the Ninth Circuit Court of Appeals.  On October 26, 2012, the Ninth Circuit issued its Mandate reversing this Court's decision.  (Doc. 126).

*Motion to File Supplemental Pleading*

"Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.  A supplemental pleading may be used to allege relevant facts that occur

after the original pleading is filed." Fed.R.Civ.P. 15(d); *Keith v. Volpe*, 858 F.2d 467, 468 (9th Cir. 1988).

A supplemental pleading is a tool of "judicial economy and convenience," as such supplemental pleadings are favored. *Keith v. Volpe,* 858 F.2d 467, 473 (9th Cir.1988). "[T]he fact that the supplemental pleading technically states a new cause of action should not be a bar to its allowance, but only a factor to be considered by the court in the exercise of its discretion, along with such factors as possible prejudice or laches." *Volpe*, 858 F.2d at 474. The purpose of a supplemental complaint is to "promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, Inc., 668 F.2d 1014, 1057 (9th Cir. 1981).

"While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction." *Volpe,* 858 F.2d at 474. In addition to satisfying the minimal requirement of "some relationship," a supplemental pleading will not be allowed if doing so would be unjust to defendants. In this regard, the standard is the same as the one under Rule 15(a). *See Glatt v. Chicago Park Dist.,* 87 F.3d 190, 194 (7th Cir. 1996).

In determining whether an amended pleading should be permitted, "[f]ive factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether Plaintiff had previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The party opposing amendment bears the burden of showing that these factors are present. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987). Prejudice to the opposing party is the most important of these factors. *See Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir.2003) (per curiam).

Plaintiff filed its Second Amended Complaint on March 31, 2010. In its Motion, Plaintiff seeks to supplement the Complaint with allegations that occurred after March 31, 2010. Specifically, Plaintiff alleges that; (1) Defendant breached the covenant of

good faith and fair dealing when it decided not to renew Plaintiff's 2009 insurance policy; (2) Defendant acted in bad faith by refusing to accept tenders of coverage and failing to reasonably investigate claims submitted by Plaintiff to Defendant after the filing of Plaintiff's Second Amended Complaint; and (3) Defendant acted in bad faith by failing to disclose a 2006 policy of insurance, which did not come to Plaintiff's attention until after the filing of its Second Amended Complaint.   Additionally, Plaintiff's proposed Supplemental and Third Amended Complaint contains additional and new alleged facts to support Plaintiff's allegations.

Defendant contends that Plaintiff is seeking to amend the Complaint and Plaintiff's request should be denied because Plaintiff has not made the requisite showing of good cause.  *See* Fed.R.Civ.P. 16(b)(4).  However, since the new allegations raised in Plaintiff's proposed Supplemental and Third Amended Complaint reflect events that occurred subsequent to the filing of Plaintiff's Second Amended Complaint, it is appropriately coined a supplemental and not an amended pleading.   *See* 6A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice & Procedure* § 1504, at 183-84 (2d ed.1990).     Regardless, the Court finds that good cause exists to permit an amendment.

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson,* 975 F.2d at 609; *Noyes v. Kelly Svcs.,* 488 F.3d 1163, 1174 n. 6 (9th Cir.2007). "The inquiry ends, however, if the party seeking the amendment has not shown diligence." *Id.* Once good cause is shown for purposes of Rule 16(b), the moving party must also demonstrate that amendment would be proper under Rule 15. *Johnson,* 975 F.2d at 609.

All of the new allegations raised in Plaintiff's proposed supplemental and third amended complaint relate to additional allegations of bad faith.  Some of these new claims did not occur until November 2010.  On October 28, 2010, this Court continued

1   the discovery deadlines relating to the bad faith claim and damages pending the decision
2   on the motions for summary judgment. (Doc. 73).  Subsequently, judgment was entered
3   in favor of Defendants and Plaintiffs appealed.  Despite this case being over three years
4   old, the parties have just recently begun litigating the alleged bad faith claims and a
5   significant portion of the parties' time on this case was spent on appeal.  As such, based
6   upon the history of this litigation, the Court finds that Plaintiff has acted diligently in
7   raising these new claims and has sufficiently established good cause to permit
8   amendment.

9        The claims and factual assertions raised in Plaintiff's proposed pleading, address
10  instances of bad faith on the part of the Defendant.  Discovery into these areas is in its
11  initial stages.[1]  Accordingly, this Court does not find any prejudice to the Defendant by
12  permitting Plaintiff to incorporate these additional claims and factual assertions.

13       Defendant argues that Plaintiff's allegation of bad faith regarding Defendant's
14  decision not to renew the policy is futile because an insurer may refuse to renew an
15  insurance policy for any reason or no reason at all.  The test for futility "is identical to the
16  one used when considering the sufficiency of a pleading challenged under Rule
17  12(b)(6)." *Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988) (citing *Baker v.*
18  *Pacific Far East Lines, Inc.,* 451 F.Supp. 84, 89 (N.D.Cal.1978)).   In support of its
19  position, Defendant cites to a thirty year old California state case.   *See Greene v. Safeco*
20  *Ins. Co. of America*, 140 Cal.App.3d 535, 538, 189 Cal.Rptr. 616, 618 (1983).  However,
21  Defendant has not identified any Arizona authority to support its position.[2]  Accordingly,

22

---

23       [1] In the Parties' February 4, 2013 Joint Report submitted in accordance with this
24  Court's January 10, 2013 Order setting this matter for a Rule 16 Scheduling Conference,
    Defendant contended that it plans to conduct extensive discovery into the alleged
25  damages and claims of insurance bad faith.  Further Defendant acknowledged in the Joint
    Report that there had been almost no discovery into the alleged damages and claims of
26  bad faith.  (Doc. 138).

27       [2] The Court in *Greene* analyzed California statutes in determining that in
28  California, an insurer is not liable for not renewing a policy, regardless of the reasoning.
    Defendant has failed to establish that Arizona law similarly protects insurers.
    Furthermore, Plaintiff alleges bad faith due to Defendant's alleged misleading statement
    in its denial of insurance renewal notification, while in *Greene*, the Plaintiff alleged bad

1   Defendant has failed to establish that Plaintiff's claim regarding the non-renewal of

2   Plaintiff's insurance policy is futile.  *See DCD Programs, Ltd.,* 833 F.2d at 187.

3        The Court will grant Plaintiff's Motion.  Plaintiff is granted leave to file a Third

4   Amended Complaint to include all of the allegations and claims identified in the Second

5   Amended Complaint and Plaintiff's proposed Supplemental and Third Amended

6   Complaint, so that all the claims in this action may be presented in a single pleading.  *See*

7   *Uribe v. Taylor,* 2011 WL 1670233 (E.D. Cal. 2011).   The Court will not grant any

8   further motions to amend or supplement the pleadings absent sufficient good cause

9   shown.

10

11   *Motion to Strike Request for Jury Trial*

12        While the right to a trial by jury for civil suits is guaranteed by the Seventh

13   Amendment, that right can be waived.  *Solis v. County of Los Angeles*, 514 F.3d 946, 953

14   (9th Cir. 2008).  The right to a jury trial is waived if a demand for a jury trial is not

15   properly served and filed, in accordance with the Federal Rules of Civil Procedure.

16   Fed.R.Civ.P. 38(d).   Pursuant to the federal rules, a party may demand a jury trial by

17   serving the other party with a "written demand, which may be included in a pleading, no

18   later than 14 days after the last pleading directed to the issue is served.  Fed.R.Civ.P.

19   38(b).

20        Since this case is a removed action, Plaintiff's demand for a jury trial is governed

21   by Federal Rule of Civil Procedure 81(c).  *Mondor v. United States District Court for the*

22   *Central District of California,* 910 F.2d 585, 586 (9th Cir. 1990).  "A party who, before

23   removal, expressly demanded a jury trial in accordance with state law need not renew the

24   demand after removal."   Fed.R.Civ.P. 81(c)(3)(A).[3]   Additionally, if a party files a

25   _____

26   faith for not renewing her insurance policy.  As such, *Greene* is distinguishable from this
     case.

27        [3] Pursuant to Fed.R.Civ.P. 81(c)(3)(B), "if all the necessary pleadings have been
     served at the time of removal, a party entitled to a jury trial must be given one if the party

28   serves a demand within 14 days after it is served with a notice of removal filed by
     another party." Fed.R.Civ.P. 81(c)(3)(B)(ii).  However, this section is not applicable in

demand for a jury trial in state court prior to the case's removal to federal court, it is sufficient if it satisfies the federal but not the state's requirements. *Mondor*, 910 F.2d at 587. Plaintiff initially filed its Complaint in the Superior Court of Arizona. Pursuant to the Arizona Rules of Civil Procedure:

> Any person may demand a trial by jury of any issue of triable of right by jury. The demand may be made by any party serving upon the other party a demand therefor in writing at any time after the commencement of the action, but not later than the date of setting the case for trial or ten days after a motion to set the case for trial is served, whichever first occurs. The demand for trial by jury may be endorsed on or be combined with the motion to set [the case for trial], but shall not be endorsed on or be combined with any other motion or pleading filed with the court.

Ariz.R.Civ.P. 38(b). Prior to removal of this action, Plaintiff filed a Certificate of Compulsory Arbitration in the Superior Court of Arizona in accordance with Arizona Rule of Civil Procedure, 72(e)(1). Arizona law requires that a Certificate of Compulsory Arbitration be served simultaneously with a Complaint, which certifies whether the case is appropriate for compulsory arbitration in accordance with the local rule of the Superior Court. Ariz.R.Civ.P. 72(b). Plaintiff included on the face of this certificate a jury demand endorsement.[4] However, pursuant to Arizona law, a jury demand must be filed independent of another motion or pleading. Ariz.R.Civ.P. 38(b). The sole exception is that it may be endorsed or combined with a motion to set the case for trial. *Id*. Plaintiff contends that a Certificate of Compulsory Arbitration is neither a pleading nor a motion and thus was technically in compliance with Rule 38(b).

The Certificate of Compulsory Arbitration is not a pleading pursuant to Arizona law. *See* Ariz.R.Civ.P. 7(a). Additionally, it does not appear that it is a motion as it does

---

this case as Plaintiff was served with notice of Defendant's notice of removal on December 11, 2009. However, Plaintiff did not file a request for a jury trial in federal court within 14 days after receiving notice of the removal.

[4] The Certificate of Compulsory Arbitration was not filed with this Court at the time of removal, however, Plaintiff has included a copy of the Certificate with its Response. The Certificate is stamped by the Clerk of the Superior Court indicating that it was filed with that Court on November 12, 2009. Beside the caption on this Certificate, it states "Jury Demand Endorsed Hereon."

not request the court make any specified finding and only certifies a fact.  *See* <u>Black's Law Dictionary,</u> 1106 (9th ed. 2009).   However, Rule 38(b) was drafted to prevent confusion by requiring a separate filing for a jury request or including it in the motion setting the case for trial.  *See* Ariz.R.Civ.P. 38(b), cmt (1961).  As such, to permit a jury endorsement to be included on a Certificate of Compulsory Arbitration does not appear to be in compliance with the purpose of the rule.  However, regardless of whether Plaintiff's Certificate of Compulsory Arbitration and jury endorsement sufficiently met the Arizona or federal requirements, the Court finds that Plaintiff subsequently waived any request he may have made for a jury trial.

After the case was removed to federal court on December 11, 2009, the Court set the matter for a Federal Rule of Civil Procedure 16 Scheduling Conference.  (Doc. 7).  The Court's Order scheduling the conference directed the parties to meet and submit to the Court a joint report in accordance with Fed.R.Civ.P. 26(f).  One of the items that the parties were required to include in their joint report was whether a jury trial had been requested and whether the request for a jury trial was contested.  (Doc. 7).  The parties submitted a joint report in which the Plaintiff and the Defendant acknowledged that they met and conferred prior to submitting the report.  The joint report asserted to the court in writing that "no jury trial has been requested."  (Doc. 8).

On March 8, 2010, the Court held a scheduling conference.   During the conference, the issue of scheduling the case for a bench trial was discussed.  The Court specifically inquired as to whether the trial in this case was going to be a court trial without a jury, to which Plaintiff responded in the affirmative.  The Court then scheduled a bench trial for January 11, 2011. (Doc. 10).   As such, Plaintiff waived any request he may have had for a jury trial.  *See* Fed.R.Civ.P. 39(a).   Additionally, in Plaintiff's Response to Defendant's Motion to Strike Request for Jury Trial, Plaintiff acknowledges that the parties joint report expressly waived a request for a jury trial as to those issues contained in that joint report.[5]  (Doc. 139).

---

[5] At the time of the filing of the joint report, the only issues raised by the Plaintiff

1     Subsequent to the filing of the joint report, Plaintiff filed a First Amended
2     Complaint on March 16, 2010.  (Doc. 11).  Defendant filed an Answer on April 1, 2010.
3     (Doc. 15).  Plaintiff filed a Second Amended Complaint on March 31, 2010.  (Doc. 13).
4     Plaintiff's Second Amended Complaint raised new allegations against the Defendant for
5     breaching the covenant of good faith and fair dealing related to its handling of the tenders
6     of defense related to the Underlying Litigation.  Defendant filed its Answer to Plaintiff's
7     Second Amended Complaint on April 14, 2010.  (Doc. 17).  Plaintiff did not request a
8     jury trial in any of these pleadings.

9     An amended pleading can revive the right to request a jury trial that had
10    previously been waived, if the amended pleading raises new issues of fact.  *See Lutz v.*
11    *Glendale Union High School,* 403 F.3d 1061, 1066 (9th Cir. 2005)(holding that absent
12    new issues of fact, an amended pleading does not revive the right to request a jury trial
13    that has already been waived).   In order to determine whether an amended pleading
14    contains new issues of fact, the Court must surmise whether the claims in the original and
15    amended pleadings "turn on the same matrix of facts." *Las Vegas Sun, Inc. v. Summa*
16    *Corp.*, 610 F.2d 614, 620 (9th Cir. 1979).  If the claims all arise from the same "matrix of
17    facts" then the amended pleading does not renew the right to request a waived jury
18    request.  *See Lutz,* 403 F.3d at 1066-1067.  Moreover, the revival of the request for a jury
19    trial only applies to the new issues raised in the amended pleading.  *See Las Vegas Sun,*
20    *Inc.* 610 F.2d at 620.

21    While Plaintiff raised potentially new issues of facts in its Second Amended
22    Complaint, Plaintiff did not file a jury demand within 14 days after Defendant's Answer
23    to Plaintiff's Second Amended Complaint.  *See* Fed.R.Civ.P. 38(b); *see also Lutz*, 403
24    F.3d at 1066.  As such, Plaintiff waived his right to a jury trial on the issues raised in its
25    Second Amended Complaint.  *See* Fed.R.Civ.P. 38(d).

26    Plaintiff now raises for the first time in federal court, a request for a jury trial in its

27

28    _____
      in its Complaint was a Declaratory Judgment action and breach of contract claims.  These
      claims were the subject of the joint report.

proposed Supplemental and Third Amended Complaint.  Plaintiff may request a jury trial as to any new issues of fact raised in its proposed filing.  *See Lutz*, 403 F.3d at 1066.  Defendant argues that the new allegations contained within the proposed filing arise from the same "matrix of facts" as the issues in the Second Amended Complaint and thus Plaintiff's right to request a jury trial was not revived.  *See Id*; T*rixler Brookerage Co. v. Raiston Purina Co.*, 505 F.2d 1045, 1050 (9th Cir. 1974).

Plaintiff's proposed filing differs from its Second Amended Complaint in four respects.  First, Plaintiff alleges additional facts which clarify or elaborate on the claims found in the Second Amended Complaint.  These new facts do not create new issues and thus are insufficient to revive Plaintiff's right to a jury trial.  S*ee Trixler,* 505 F.2d at 1050 (finding the defendants, having waived their right to a jury trial on the original complaint, were not entitled to a jury trial on a more detailed statement of the same claims in the amended complaint).

Plaintiff also raises three new allegations against Defendant all stemming from Defendant's alleged breach of the covenant of good faith and fair dealing.  First, Plaintiff alleges that Defendant acted in bad faith when it refused to accept or reasonably investigate additional tenders of defense from the Underlying Litigation.  Plaintiff's Second Amended Complaint raised the same issues related to prior tenders of defense from the Underlying Litigation.  The factual allegations underlying this claim are ultimately that the Defendant acted in bad faith towards the Plaintiff in the handling of the tenders related to the Underlying Litigation.  As such, the claims of bad faith regarding additional tenders of defense stem from the same "matrix of facts" as the claims in Plaintiff's Second Amended Complaint.

Next, Plaintiff alleges that Defendant acted in bad faith when it failed to disclose a 2006 policy of insurance at the time it denied Plaintiff's tenders of defense related to the Underlying Litigation.  Once again this claim relates to the same "matrix of facts" as the claims in the Second Amended Complaint, specifically that Plaintiff acted in bad faith in the handling of Plaintiff's tenders of defense related to the Underlying Litigation.

Finally, Plaintiff alleges that Defendant acted in bad faith when it decided not to renew Plaintiff's 2009 insurance policy.  This allegation does not directly relate to the handling of Plaintiff's tenders of defense from the Underlying Litigation.  However, it does relate to the circumstances surrounding the non-renewal, after Defendant received the tenders of defense from the Underlying Litigation.  Moreover, Plaintiff's proposed Supplemental and Third Amended Complaint establishes that its claim for bad faith in not renewing the policy is related to the tenders of defense from the Underlying Litigation.  Accordingly, the Court finds that this claim similarly stems from the same "matrix of facts" as the bad faith claims in Plaintiff's Second Amended Complaint.

As such, the Court finds that Plaintiff has not revived its right to request a jury trial.  *See Las Vegas Sun, Inc. v. Summa Corp.*, 610 F.2d 614, 620 (9th Cir. 1979).

Accordingly, IT IS ORDERED:

1.      Plaintiff's Motion for Leave to File its Supplemental and Third Amended Complaint under Rule 15(a) and/or 15(d) of the Federal Rules of Civil Procedure, (Doc. 133), is GRANTED.

2.      Defendant's Motion to Strike Request for Jury Trial, (Doc. 137), is GRANTED.

3.      Plaintiff is directed to file a Third Amended Complaint to include all of the allegations and claims identified in the Second Amended Complaint and Plaintiff's proposed Supplemental and Third Amended Complaint, so that all the claims in this action may all be presented in a single pleading, within 30 days of the date of this Order.

Dated this 25th day of March, 2013.

Cindy K. Jorgenson
United States District Judge