WO

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Safety Dynamics Incorporated, | No. CV-09-00695-TUC-CKJ (DTF) |
| Plaintiff, | **ORDER** |
| v. | |
| General Star Indemnity Company, | |
| Defendant. | |

On August 8, 2013, Magistrate Judge D. Thomas Ferraro issued an Order addressing a discovery dispute between the parties. (Doc. 250). On August 22, 2013, pursuant to Fed.R.Civ.P. 72(a), Plaintiff filed Objections to Magistrate Judge Ferraro's Order. (Doc. 258). On August 26, 2013, the Court directed Defendant to file a response to Plaintiff's Objections. (Doc. 259). On September 6, 2013, Defendant filed a Response to Plaintiff's Objections. (Doc. 269).

**LEGAL STANDARD**

After the filing of objections, the district court must modify or set aside any part of a non-dispositive Magistrate Judge's Order that is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a).

**ANALYSIS**

Magistrate Judge Ferraro's August 8, 2013 Order addressed whether Plaintiff was entitled to a second Rule 30(b)(6) deposition of Defendant and whether Defendant

1   waived its attorney-client privilege by failing to produce privilege logs, utilizing litigation

2   counsel to conduct claims handling, and asserting its subjective evaluation of the law in

3   defending against the bad faith claim.

4

5   **Rule 30(b)(6) Deposition**

6        Magistrate Judge Ferraro found that as a result of Defendant's late disclosure of

7   documents, a second Rule 30(b)(6) deposition of the Defendant was appropriate.

8   However, Magistrate Judge Ferraro limited the scope of the deposition to those issues

9   that are reasonably based on information learned from the new disclosures or actions that

10  have occurred since the initial Rule 30(b)(6) deposition.

11       After reviewing Plaintiff's June 28, 2013 deposition notice, Magistrate Judge

12  Ferraro found that certain topics were outside the scope of the second deposition.  *See*

13  (Doc. 214).  Plaintiff objects to Magistrate Judge Ferraro's determination that Plaintiff's

14  request for the identification of all Lanham Act claims that Defendant provided a defense

15  was outside the scope of the second Rule 30(b)(6) deposition because Plaintiff is already

16  in possession of this information.

17       However, Plaintiff did not raise any argument before Magistrate Judge Ferraro in

18  support of its interest in requesting the identification of Lanham Act cases, despite prior

19  notice of Defendant's objection to that line of inquiry.  As such, this Court need not

20  consider Plaintiff's argument related to Lanham Act claims raised for the first time in its

21  Objection.  *See Greenhow v. Secretary of Health & Human Services*, 863 F.2d 633, 638-

22  639 (9th Cir. 1988).

23       However, even assuming the Court must consider Plaintiff's argument, the Court

24  finds that the issue relating to Lanham Act claim files was addressed in the Court's May

25  22, 2013 Order and Defendant has already complied with that Order.  *See* (Doc. 191).

26  Courts have wide discretion in controlling discovery.  *Ministerio Roca Solida v. U.S.*

27  *Dept. of Fish and Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013).  The issue relating to

28  Lanham Act cases defended by the Defendant was addressed in the Court's May 22, 2013

1    Order and the relevant cases and case summaries have been provided to Plaintiff.   As

2    such, Magistrate Judge Ferraro's Order limiting Plaintiff's second Rule 30(b)(6)

3    deposition was not clearly erroneous or contrary to law.

4

5    **Defendant's Attorney Client Privilege**

6         Plaintiff argues in his Objection that Defendant had waived its attorney client

7    privilege by utilizing outside counsel as a claims examiner, by asserting its subjective

8    evaluation of the law in defending this case, and by failing to produce privilege logs.

9

10   *Litigation Counsel as Claims Examiner*

11        In its Objection, Plaintiff argues that Defendant waived its attorney client privilege

12   and/or had no privilege with outside litigation counsel with respect to communications

13   related to Plaintiff's April 20, May 24, and October 20, 2010 tenders of defense.

14   Specifically, Plaintiff contends that Defendant's outside litigation counsel performed the

15   claims processing on those three tenders and therefore was acting in a business capacity.

16   As such, there was no attorney client privilege.  However, on January 22, 2014 Plaintiff

17   filed a Notice of Partial Withdrawal of Plaintiff's Objection to Magistrate Judge D.

18   Thomas Ferraro's August 8, 2013 Order.  (Doc. 299).  In its Notice, Plaintiff withdrew its

19   objection to Magistrate Judge Ferraro's Order which found that Defendant's outside

20   counsel was not acting in a business capacity relating to the re-tenders of defense

21   sufficient to abrogate the attorney client privilege.  Accordingly, this issue is moot.

22

23   *Implicit Waiver of Attorney Client Privilege*

24        Plaintiff argues that Defendant impliedly waived the attorney client privilege

25   between Defendant and its outside counsel through the defense of its bad faith claim.

26   Magistrate Judge Ferraro concluded that Plaintiff failed to establish that Defendant is

27   affirmatively relying upon a subjective belief or it adjusters' mental state in defense of

28   this action.  As such, there is no implied waiver of the attorney client privilege.

"The *Hearn* test sets forth three criteria that must be met to find an implied waiver of the attorney-client privilege:"

> (1) assertion of the privilege was a result of some affirmative act, such as filing suit [or raising an affirmative defense], by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense.

*State Farm Mut. Auto Inc. Co. v. Lee*, 199 Ariz. 52, 56 (Ariz. 2000).   In its Objection, Plaintiff explains that Defendant asserted a good faith affirmative defense and Defendant's claims examiner, Nicholas Fanelli acknowledged at his deposition that he received legal advice on the second denial letter.   As such, Plaintiff contends that the denial letter was based on the subjective beliefs of the claims handler after conferring with counsel and Plaintiff is entitled to all communications he had with counsel that helped form his subjective mental state.   Defendant responds that it has consistently defended this action on the basis that its coverage position and that its actions were objectively reasonable.   As such, it has never put its subjective intent and knowledge with respect to the handling of the underlying action at issue in this case.

While Defendant raised an affirmative defense of good faith in response to the claim of bad faith brought by Plaintiff, the mere filing of a bad faith action or the affirmative claim of good faith do not by themselves constitute an implied waiver of the attorney client privilege.  *State Farm Mut. Auto Inc. Co. v. Lee*, 199 Ariz. 52, 58-62 (Ariz. 2000).  In order to waive the privilege, the party asserting the privilege must assert some claim or defense invoking the subjective reasonableness of its evaluation in denying the claim and that analysis must have incorporated information the litigant learned from counsel.  *Id*. at 58.  The idea is that a party cannot raise a defense that it acted reasonably and in good faith based on what it discovered and knew following a legal investigation when its investigation of and knowledge about the law included information it obtained from its lawyer, "and then use the privilege to preclude the other party from ascertaining what it actually learned and knew."  *Id*. at 60.

- 4 -

While Mr. Fanelli's deposition testimony indicates that he sought the advice of counsel during the claims process, the fact that he conferred with counsel about an issue arising in an ongoing litigation does not waive the privilege. *Id.* at 66.  The mere fact that a litigant confers with counsel and takes actions based on counsel's advice does not waive the attorney client privilege. *Id.*  The ultimate issue is whether the litigant in a bad faith action claims that its actions were the result of its subjective belief based on its claims examiners investigation into and evaluation of the law. *Id.*

Plaintiff argues that Magistrate Judge Ferraro ignored an application of *Lee* by another court in this District, which found that statements made by a claims examiner in his deposition were sufficient to waive the privilege. *See Roehrs v. Minn Life Ins. Co.*, 228 F.R.D. 642, 646-647 (D. Ariz. 2005).  However, in *Roehrs*, the claims examiners testified that they considered and relied upon, among other things, the legal opinions or legal investigation in denying the claim. *Id.*  Even assuming, the holding in *Roehrs* was precedential, which it is not, the testimony of Mr. Fanelli in this case does not establish that Defendant is asserting the subjective belief of Mr. Fanelli in denying the tender of defense in the underlying action as a defense to this action.

As such, based on the record in this case, Magistrate Judge Ferraro's conclusion that Plaintiff failed to establish that Defendant is affirmatively relying upon a subjective belief of its claims examiners mental state is not clearly erroneous or contrary to law.

*Failure to Produce Privilege Logs*

Plaintiff argues that Defendant's responses to Plaintiff's documents requests were insufficient and Defendant has made numerous boilerplate and blanket refusals to produce documents based on an assertion of privilege, but has failed to prepare or produce a privilege log.  As such, Plaintiff asserts that Defendant waived any right to assert privilege related to any document requested by Plaintiff.  (Doc. 238).

In addition to asserting privilege in response to some of Plaintiff's document requests, Defendant also raised non-privilege based objections, which Plaintiff has not

challenged.[1]  Magistrate Judge Ferraro reasoned that Defendant is not obligated to create a privilege log unless Plaintiff successfully challenges Defendant's non-privilege based objections.  In its Objection, Plaintiff argues that there is no qualification contained in Fed.R.Civ.P. 26 that a party must successfully challenge all non-privilege based objections to a discovery request before the party asserting privilege must produce a privilege log.

In order to assert a privilege, "boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient." *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).  "Rule 26(b)(5) requires that a party expressly claim a privilege and describe the nature of the documents, communications or things not produced so as to enable the other parties to assess the applicability of the privilege or protection." *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 637 (D. Nev. 2013).  "A party objecting based on a claim of privilege must make the objection and explain it as to each record sought to allow the court to rule with specificity." *Baker v. Hatch*, 2010 WL 3212859, *2 (E.D. Cal. 2010) citing *Clarke v. American Commerce Nat. Bank*, 974, F.2d 127, 129 (9th Cir. 1992).

Pursuant to Fed.R.Civ.P. 34, objections to a request for documents must be made within thirty (30) days after being served with the request.  Fed.R.Civ.P. 34(b)(2)(A).  However, the failure to timely produce a privilege log does not necessarily result in a waiver of the privilege.  *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (rejecting a *per se* waiver rule that deems a privilege waived if a privilege log is not timely produced).

If a party opposing a request for documents based on an assertion of privilege fails to timely produce a privilege log, a court entertaining a motion to compel must evaluate

---

[1] Plaintiff attempts to challenge Defendant's non-privilege based objections to specific discovery responses in its Objection to Magistrate Judge Ferraro's Order. However, since these arguments were not raised before Magistrate Judge Ferraro, they will not be considered by the Court in this review.  *See Greenhow v. Secretary of Health & Human Services*, 863 F.2d 633, 638-639 (9th Cir. 1988).

1  whether the objections or assertions of privilege were timely, whether the "objection or

2  assertion of privilege enables the litigant seeking discovery and the court to evaluate

3  whether the withheld document is privileged," and whether the circumstances of the

4  litigation and the breadth of the documents requested imposes a burden that justifies a

5  delay in producing a privilege log.  *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist.*

6  *Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).  "These factors should be

7  applied in the context of a holistic reasonableness analysis intended to forestall needless

8  waste of time and resources, as well as tactical manipulation of the rules and the

9  discovery process.  They should not be applied as a mechanistic determination of whether

10  the information is provided in a particular format."  *Id.*

11      In its filing before Magistrate Judge Ferraro, Plaintiff failed to identify which

12  requests for production of documents Plaintiff believes privilege were waived.[2]  As such,

13  Magistrate Judge Ferraro was unable to evaluate the specific request for production and

14  corresponding assertion of privilege to determine whether Defendant's responses enabled

15  Plaintiff and the Court to evaluate the claim of privilege.  *See Johnson v. Runnels*, 2009

16  WL 900755 *3 (E.D. Cal. 2009).

17      This Court disagrees with Magistrate Judge Ferraro's conclusion that Defendant

18  does not have to produce a privilege log unless its non-privilege based objections are

19  unfounded.[3]  *See* (Doc. 250 at p.3, line 14-17).  When asserting privilege as an objection

20  to a request for production of documents, the objecting party "must describe the nature of

21  the documents, communications or things not produced so as to enable the other parties

22  _____

23      [2] In a footnote in its discovery brief before Magistrate Judge Ferraro, Plaintiff
24  references an earlier filing that lists and discusses Defendants' discovery objections.
    However, Plaintiff did not identify which specific discovery requests it believes the
25  privilege objection was waived in its brief before Magistrate Judge Ferraro.

26      [3] Defendants argues that since it objected to the scope of some discovery requests,
    it should not be required to log all privileged documents that may fall within the
27  objectionable scope of the request.  However, in situations where it may be unduly
    burdensome to specifically identify each privileged document, due to the amount of
    documents claimed to be privileged, a party may identify privileged documents by
28  categories as long as it's still consistent with federal law.  *Phillips v. C.R. Bard, Inc*., 290
    F.R.D. 615, 637-638 (D. Nev. 2013).

to assess the applicability of the privilege." *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 637 (D. Nev. 2013).  This Court has not identified any authority in the Ninth Circuit that creates an exception to this rule for parties that raise multiple objections in addition to privilege to a single request for documents.[4]

However, this Court concludes that Magistrate Judge Ferraro's conclusion that there was no waiver of Defendant's attorney client privilege was proper based on Plaintiff's failure to specify which document requests that it claims the privilege was waived.  Thus, Magistrate Judge Ferraro could not conduct a reasoned analysis of each relevant request and objection pursuant to the factors enunciated in *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) to determine if the privilege was waived.[5]

Accordingly, IT IS ORDERED:

1.      Plaintiff's Objections to Magistrate Judge D. Thomas Ferraro's August 8, 2013 Order, (Doc. 258), are OVERRULED.

Dated this 24th day of January, 2014.

Cindy K. Jorgenson
United States District Judge

_____

[4] However, the existence of non-privileged based objections may preclude the disclosure of documents even if a privileged based objection is waived.

[5] In its Objection, Plaintiff discusses two specific requests for production that it alleges that privilege was waived.  However, since Plaintiff did not reference specific disclosure requests to Magistrate Judge Ferraro, this Court will not consider the potential waiver of privilege in those specific requests that were raised for the first time on appeal. *See Greenhow v. Secretary of Health & Human Services*, 863 F.2d 633, 638-639 (9th Cir. 1988).